**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**DANIEL J. WICKENS and PAMELA M. WICKENS,**

**Plaintiffs,**

**vs.**

**SHELL OIL COMPANY and SHELL OIL PRODUCTS COMPANY, LLC.,**

**Defendants.**

**SHELL OIL COMPANY and SHELL OIL PRODUCTS COMPANY, LLC**

**Third-Party Plaintiffs,**

**vs.**

**RICK G. GARDNER**

**Third-Party Defendant and Fourth-Party Plaintiff**

**vs.**

**CHEVRON USA, INC., KEVIN BECKNER and PHIILIP H. BAKER**

**Fourth-Party Defendants.**

**1:05-CV-645-SEB-JMS**

**RULINGS ON PENDING MOTIONS**

Hopefully, this protracted dispute, like a proverbial feline survivor, is approaching the end of its "nine lives." With the rulings made here and a little bit of good luck, we may at last be entering the final stage of this litigation. We hope this is true, despite the fact that, following the voluntary, partial settlement agreement entered into by the parties and our award of attorneys fees and corrective action costs in Plaintiffs' favor, three (count 'em, three) pro se filings and no fewer that five (count 'em, five) motions have recently been submitted to the Court. Thus, we find ourselves, once again, addressing yet another layer of dispute between the parties, which to date has consumed so disproportionate amount of everyone's time and attention, not to mention resources. (We remind the parties that this case has lingered on the Court's docket since it was originally filed on May 3, 2005.)

We discuss below each of the new filings interposed with the Court:

***Plaintiffs' Supplemental Petition for Litigation Fees and Costs*** **(Docket #286)**

After awarding attorney fees and corrective action costs in favor of Plaintiffs on August 1, 2008, in which order the Court granted most, but not all of Plaintiffs' requested fees and costs, Plaintiffs filed a supplemental petition in an effort to recover additional fees and costs which were allegedly incurred after they filed their brief in support of their original petition for fees and costs. In a moment of refreshing candor, Plaintiffs noted there that, based on our prior ruling, they expected the most recent motion might be

denied. However, they felt obliged to seek the additional fees and costs incurred in connection with the hearing and other post-briefing activities generated in pursuit of an award of fees and costs, in order to protect their entitlement against a claim of waiver.

Plaintiffs correctly anticipated that their request for supplemental fees and costs would be denied by the Court. In our August 1, 2008, entry, we determined that Plaintiffs were not entitled to certain requested attorney fees and corrective action costs after January 9, 2007, the cut-off date set by the Court for compensable attorney fees. We see no good reason to alter that determination. Plaintiffs' Supplemental Petition for Litigation Fees and Costs (Docket #286) is therefore DENIED, incorporating the same reasoning set out in our previous order disallowing fees incurred after January 9, 2007.

***Defendants' Motion to Modify or Alter Judgment* (Docket # 288) & *Motion to Vacate Judgment* (Docket # 317)**

Defendants objected to our August 1, 2008, order as well, seeking relief from the subsequent judgment entered on August 4, 2008, in a Motion to Modify or Alter Judgment. Shell Oil Company and Shell Oil Products Company, LLC (collectively "Shell") seek reconsideration of the amounts of attorney fees and corrective action costs awarded to Plaintiffs, arguing that the Court should have imposed an earlier cut-off date in computing the amount of the costs and fees that were awarded to Plaintiffs.

In response to Defendants' motion, Daniel Wickens, one of the named Plaintiffs, submitted two *pro se* filings detailing facts not previously made known to the Court, which shed new light on certain issues relating to Plaintiffs' entitlement to an award of attorneys fees and costs. These new *pro se* filings evoked another response (Docket # 317) from Defendants, who supplemented their prior request to include an order to vacate the judgment entirely. In view of the fact that the subject matter of each of the two motions filed by Defendants is virtually identical, the only difference being the nature of and the legal grounds for the relief requested, we shall consider them together, but shall not attempt to resolve them at this time. Instead, we shall take both of them under advisement in order to allow the facts underlying the requests for relief to be fully developed.

***Motion to Voluntarily Dismiss Third-Party Complaint* (Docket #305)**

Following the issuance of our entry in favor of Plaintiffs, in which we awarded attorney fees and corrective action costs, and following the conclusion of certain related bankruptcy proceedings involving Third-Party Defendant and Fourth Party Plaintiff, Rick Gardner, the parties informed the court that the third party complaint in the case at bar warranted dismissal which, in turn, would moot the fourth party complaint and set the stage for its dismissal. This prompted yet another *pro se* filing - one from Rick Gardner,

who stated that, though he favored dismissal, he also sought reimbursement of his costs and fees from Shell.

We do not view Shell's Third-Party Complaint in any way to have been factually unfounded, vexatious or legally frivolous.  Thus, there is no legitimate basis upon which Gardner could be regarded as entitled to payment by Shell of his fees and costs. Consequently, Shell's  Motion to Voluntarily Dismiss the Third-Party Complaint (Docket #305) is GRANTED and the Fourth-Party Complaint is also DISMISSED by the Court, *sua sponte,* on grounds of mootness.

***Motion to Designate Real Parties in Interest*** **(Docket #309)**

Finally, attorneys for Plaintiffs, Mark Shere and the firm of Bingham McHale, LLP, have filed a combined Motion to Designate Real Parties in Interest.  In addition to seeking such an order making Mark Shere a real party in interest with respect to issues relating to the award of costs and fees, the motion seeks as well to have one of  Plaintiffs' insurers, OneBeacon Insurance Group, Ltd. ("OneBeacon"), also added as a real party in interest.  Apparently, according to information only recently disclosed to us, OneBeacon, and perhaps another insurer, provided the funding for certain of the environmental investigative procedures performed at or on the Wickens property as well as a portion of the underlying costs of this litigation which was brought to recoup those costs.  Neither Mr. Shere nor the Bingham McHale law firm claims to represent OneBeacon; the Motion

nonetheless represents that, in order to avoid unnecessary duplicative filings, counsel for OneBeacon has requested that it be included in the pending motion seeking inclusion as a "real party."

Shell vigorously disputes the entitlement of both Shere and OneBeacon to be declared, at this point, named parties to this litigation. Shell argues that Shere and OneBeacon have, in truth, deceived both the Court and the already named parties to this litigation from the outset as to their identities and their roles and therefore they not only should be barred from participation as real parties in interest, but the order granting Plaintiffs' fees should be vacated and a new order entered denying any award of fees or costs. In short, Shell asserts that its Motion to Vacate the Judgment should be granted, based on the fraudulent representations and deceptive actions of Shere and OneBeacon.

We share Shell's disquietude over the manner in which OneBeacon (and apparently an additional nonparty insurer) became involved behind the scenes in this litigation. Despite the Court's oft-made inquiries to Plaintiffs' attorney, requesting that he explain precisely the relationships between himself and his clients as well as identify any other persons having a "say" in the litigation strategies being pursued by Plaintiffs or bearing any possible responsibility for the cleanup or standing to receive any possible benefit should Shell be required to incur the costs and attorney fees sought by Plaintiffs, none of the recently disclosed information was ever before revealed. We have now been informed, at this belated point in the proceedings, that apparently most, if not all, of the

environmental investigation costs as well as a portion of the attorneys fees have been borne by a previously undisclosed insurance company.  Such a late-breaking disclosure leaves us both frustrated and dismayed. The withholding of such information from the Court by the Plaintiffs' counsel is in our view nothing short of inexcusable.  Plaintiffs' counsel's obviously weak attempt at an explanation for his failure to disclose – claiming that he did not disclose the role and identity of the insurer because that information would have unnecessarily complicated the case – is at both ill-conceived and incredible; indeed, it may constitute a wilful deceit by counsel upon the court.

     Putting aside for the moment the issue of what precise action the Court should take in response to these misrepresentations by counsel, it is at least clear at this point that Shere, personally, and OneBeacon do in fact have their own separate and distinct interests from Wickens in what remains of this litigation.  Shere obviously hopes to recover all of his attorney's fees; OneBeacon, which apparently underwrote the costs of the environmental investigation conducted on Wickens's property, apparently seeks to recoup its expenses and investments.  On these grounds, each appears to be entitled to intervene as a real party in interest.  The problem the Court faces in making such a ruling on behalf of OneBeacon is that OneBeacon has never directly advanced such a request, having attempted instead to achieve that result by piggybacking on Shere's request.  Until we hear from OneBeacon's own lawyers directly by way of a properly filed motion/petition,

however, we cannot permit OneBeacon to enter this fray to defend whatever interests it may have, if any.

OneBeacon may not have sought to unduly "paper the file" by filing its own motion - a concern which is not nearly as great as it was prior to electronic filing - but that good intention does not relieve it of its legal obligation. A corporation is required to be represented by legal counsel when litigating in federal court. *U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). Mr. Shere has plainly stated that he is not OneBeacon's legal counsel. Moreover, Mr. Shere's interests are not necessarily aligned with the interests of OneBeacon, given his representation of Daniel and Pamela Wickens, thus creating an apparent conflict of interest. Based on the cryptic description given us in the briefing regarding Mr. Shere's financial arrangements with OneBeacon, that explanation does not jibe with our understanding of statements he made to the Court during the May 2008 hearing detailing the ways in which this litigation and the environmental investigation were financed. Accordingly, we grant Mr. Shere's motion to be designated as a real party in interest. Any ruling permitting OneBeacon to intervene to protect its interests must await a proper filing by its its own legal counsel.

***Conclusion:***

The Motion to Designate Real Parties in Interest (Docket #309) is GRANTED IN PART, insofar as Mark Shere shall be permitted to appear as a real party to represent his

independent interests in this lawsuit. The motion is DENIED in all other respects. Mr. Shere and the Bingham McHale law firm are directed to provide notice to OneBeacon's counsel that, if it so chooses, it may move to intervene within twenty (20) days from the date of this order.

IT IS SO ORDERED

Date: 01/05/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Harry Nicholas Arger
DYKEMA GOSSETT ROOKS PITTS PLLC
harger@dykema.com

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com

Frank J. Deveau
TAFT STETTINIUS & HOLLISTER LLP
fdeveau@taftlaw.com

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP
dguevara@taftlaw.com

Lee T. Hettinger
DYKEMA GOSSETT ROOKS PITTS PLLC
lhettinger@dykema.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Mark Eliot Shere
ms@sherelaw.com

Brad R. Sugarman
TAFT STETTINIUS & HOLLISTER LLP
bsugarman@taftlaw.com

Rosa Maria Tumialan
DYKEMA GOSSETT ROOKS PITTS PLLC
rtumialan@dykema.com

Jeffery Alan Whitney
GONZALEZ SAGGIO & HARLAN LLP
jessica_davis@gshllp.com

RICHARD GARDNER
2119 East 38th Street
Anderson, IN 46013

Phillip H Baker
328 West 53rd St. Lot#79
Anderson, IN 46013