UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL J. WICKENS, PAMELA M. ) <br> WICKENS, MARK E. SHERE and ) <br> EMPLOYERS FIRE INSURANCE ) <br> COMPANY ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SHELL OIL COMPANY and SHELL ) <br> OIL PRODUCTS COMPANY, LLC., ) <br> <br> Defendants. | 1:05-CV-645-SEB-TAB |

**ENTRY ON PENDING MOTIONS**
**(Docket Nos. 400, 404 & 406)**

There are eleven post appeal motions currently pending in this lawsuit, three of which are addressed in this entry. The background facts and procedural history of this litigation have been recounted so often in prior orders that to do so again would needlessly encumber the docket. Hence, we move directly to the issues raised in the various motions.

**Doc. No. 400 - Plaintiffs' [Wickens] Pro Se Motion For Sanctions**
**Doc. No. 404 - Intervening Plaintiff's [Employers Fire Insurance Co.] Motion to Strike**

Plaintiffs, Daniel and Pamela Wickens, acting pro se, have once again filed a motion in this action despite the fact that all their claims against the Defendants have

been fully resolved and that they have been fully and fairly compensated for their damages. Their case is over. Nonetheless, Mr. and Mrs. Wickens persist in their efforts to recover against their attorney, Mark Shere, their insurance company, Employers Fire Insurance Company ("Employers"), and their environmental contractor and expert, Hydrotech, all of whom allegedly acted in concert to prolong this litigation and to conceal various relevant details from the Wickenses and the Court. In addition to characterizing this conduct as an abuse of federal judicial resources and state administrative processes, the Wickenses seem to suggest that this abusive conduct has somehow directly harmed them as well. For this, they seek an award of monetary sanctions against their former attorney and insurer equal to the amount of Defendants' deposit with the Clerk of the Court on November 8, 2010, $536,758.89, which was paid by Shell to satisfy the judgment entered against it. Not surprisingly, both Shere and Employers oppose the Wickenses' motion; Employers also moves the Court to strike all claims for relief asserted by the Wickenes.

Were the motion for sanctions filed by Daniel and Pamela Wickens merely an attempt to secure further relief, Employers' motion to strike would likely be viewed favorably by the Court, because, as we have explained previously both in open court and in our written order of May 19, 2009, if Mr. and Mrs. Wickens wish to assert claims against Employers and/or Shere, they must do so by way of a separate lawsuit. Addressing the Wickenses' Motion For Sanctions as such, however, despite its conceptual

difficulties and lack of comprehensible support, and treating it as a request that the Court utilize its inherent power to hold parties responsible for their actions while prosecuting or defending a claim, their motion fares no better.

Though no one who has participated in this litigation can hope to escape responsibility, at least to some degree, for the inordinately protracted and convoluted history of this dispute, we find no support in the record to substantiate the Wickenses' impenetrable conspiracy theory, nor do we find their request for an award of more than a half million dollars in sanctions to be anything other than patently frivolous.  As a claim, it fails to rise above being anything more than an expression of the frustration they apparently feel with regard to the way in which their case has played out.  <u>Once again, we direct Mr. and Mrs. Wickens to cease their involvement in this particular cause of action through any future filings which seek additional relief of any kind</u>.  We say again, their interests have been fully litigated.  Any future claims they may choose to assert must be brought in a new and separate cause of action.  Employers' Motion to Strike is denied as moot.  Plaintiffs' Pro Se Motion For Sanctions is also denied.

**Doc. No. 406 - Shell's Partially Unopposed Motion For Order of Judgment Satisfaction and Other Relief**

As previously noted, the Shell Defendants[1] have paid into court the sum of $536,758.89, representing the amount of the judgment entered against them, plus post-judgment interest through the date of deposit. Thereafter, a new controversy has developed that threatens to achieve the same epic proportions as did the underlying litigation. Shere and Employers are currently engaged in a new and seemingly intractable dispute over the method of distribution of Shell's escrow payment. Shell wants out, and accordingly has filed its motion seeking an order of satisfaction of judgment. It is a reasonable request and we shall grant it.

However, Shell also asks to be dismissed as a party, pursuant to Fed.R.Civ.P. 21, and seeks an amendment of the caption to remove its name to reflect the dismissal. Employers has no objection to Shell's motion; in contrast, demonstrating once again his well-established preference for litigating to the death on any point no matter how large or small, Shere objects, claiming that Shell should have deposited its judgment payment with the court long ago, when interest rates were higher, rather than doing so at a time after interest rates had fallen when, as now, the deposited amount is earning less than 1% interest. Apparently believing that a sympathetic court can protect him against all of

---

[1] Throughout this litigation, no distinction was made between the two related Shell Defendants. To our knowledge, no issue exists now which requires that they be treated separately. Thus, we shall continue to refer to them as a single entity: "Shell."

life's vagaries, Shere asserts that as a judgment creditor he has been injured by Shell's delay and is entitled to relief, arguing that the underlying purposes of requiring post-judgment interest are not served by allowing Shell to pay its money when interest rates hover at 1% and withdraw from the case.

Until now, Shere has never objected to Shell's interest calculations.  Further, in Shell's reply, it notes that, in fact, the interest rate upon which it calculated post-judgment interest, 2.33%, is the rate Shere claims he would have benefitted from had the money been deposited sooner.  Nonetheless, the fact that the money now sits in escrow in the registry of the Court earning interest at prevailing rates reflects current economic realities, certainly not some injustice for which Shell is culpable.  In depositing the judgment amount plus interest, Shell has relinquished control of those funds and ended its involvement in this litigation.  The obvious purpose of imposing a post-judgment interest requirement under federal law has been fully satisfied.  *See BP Exploration & Oil Co. v. Maintenance Services, Inc.*, 313 F.3d 936, 947-48 (6th Cir. 2002).  Shere's inability to access all or any part of those deposited funds arises from his own litigation strategy as well as Employers' objections challenging his entitlement to those monies.  Shell, on the other hand, has fully complied with  the requirements of Fed.R.Civ.P. 67 and 28 U.S.C. § 1961 in calculating the appropriate amount of post-judgment interest and depositing it along with the judgment amount with the Clerk of the Court.  Thus, Shell is entitled to

have its payment of the judgment obligation officially recognized and this order shall therefore reflect shell's full and final satisfaction of judgment.

Shell is entitled to be freed from further participation as a party in this litigation. Shell is thus relieved of any future obligation to attend hearings, participate in conferences with the magistrate judge or to otherwise respond to filings made by the parties in connection with this seemingly endless conflict, unless specifically ordered to do so by this court. That said, we find no basis in Fed.R.Civ.P. 21 for "dismissing" Shell in the sense that its name should or must be removed from the caption. Rule 21 addresses misjoined and nonjoined parties. Unlike the dismissed parties in the cited decisions referenced by Shell, Shell is neither a misjoined party nor one of multiple defendants against whom various unrelated claims have been brought. *See Anderson v. Pollard,* 2007 U.S.Dist LEXIS 61657 (E.D.Wis. August 21, 2007); *Schwartz v. Graebel Van Lines, Inc.*, 2006 U.S.Dist. LEXIS 32388 (N.D.Ill. May 15, 2006). Shell was a properly named Defendant from the inception of this case and has fully defended against the claims brought by Plaintiffs. These claims have now been fully resolved through settlement and through an amended final judgment, both of which have been fully satisfied. The docket and caption properly reflect that involvement and shall not be amended at this late point in the litigation to suggest otherwise.

**Conclusion**

For the reasons outlined above, Plaintiffs' Pro Se Motion For Sanctions **(Doc. #400)** is **DENIED**, Employers' Motion To Strike **(Doc. #404)** is **DENIED AS MOOT**. Shell's Partially Unopposed Motion (1) For An Order Of Satisfaction Of Judgment, (2) To Dismiss Dispensable Party, And (3) To Amend Caption **(Doc. # 406)** is **GRANTED IN PART** and **DENIED IN PART**. The Court hereby finds that the Amended Final Judgment (Doc.# 355) entered on June 3, 3009 along with all required post-judgment interest has been fully satisfied by the Defendants. Defendants are therefore relieved from further participation in this litigation relating to the distribution of that judgment unless and until the Court might require otherwise (which seems highly unlikely). That part of Shell's motions which seeks to amend the caption is **DENIED**.

IT IS SO ORDERED.

Date: 08/31/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Harry Nicholas Arger
DYKEMA GOSSETT ROOKS PITTS PLLC
harger@dykema.com

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Mark Eliot Shere
ms@sherelaw.com

William G. Stone
STONE & JOHNSON, CHTD.
wstone@stonejohnsonlaw.com

Rosa Maria Tumialan
DYKEMA GOSSETT ROOKS PITTS PLLC
rtumialan@dykema.com

Jeffery Alan Whitney
GONZALEZ SAGGIO & HARLAN LLP
jessica_davis@gshllp.com

DANIEL J. WICKENS
910 Isabelle Drive
Anderson, IN 46013

PAMELA WICKENS
910 Isabelle Drive
Anderson, IN 46013