UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL J. WICKENS, <br> PAMELA WICKENS, <br> and MARK E SHERE, <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL COMPANY and, <br> SHELL OIL PRODUCTS COMPANY, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:05-cv-00645-SEB-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION TO CLARIFY AND RECONSIDER**

On August 31, 2011, the Court issued an order commenting upon the "inordinately protracted and convoluted history of this dispute . . . ," noting that it involved a "seemingly endless conflict." [Docket No. 462 at 3, 6.] That order helped push the case forward, making it clear (once again) that the Wickenses have no claims left in this case, and that Shell Oil Company is, for all practical purposes, done with this litigation as well. But the case lives on.

As the Court further explained in its entry, attorney Mark E. Shere, who is proceeding *pro se* as a third-party Defendant, and intervenor-Plaintiff Employers Fire Insurance Company, are "engaged in a new and seemingly intractable dispute over the method of distribution of Shell's escrow payment." [*Id*. at 4.] Shere has a remarkable ability to cause unexpected and needless dust ups. For example, as the Court noted he challenged an attempt to simply amend the caption, "demonstrating once again his well-established preference for litigating to the death on any point no matter how large or small . . . ." [*Id.*]

This backdrop leads to a pending motion: Shere's motion to clarify and reconsider the

Court's July 15, 2011, marginal order. [Docket No. 458.] By way of that marginal entry, the Court denied Shere's motion to strike Employer's motion for summary judgment and also denied Shere's request to enlarge his deadline to respond to the summary judgment motion to October 10, 2011. [Docket No. 457.] Shere's motion to clarify contains six numbered paragraphs, each of which ends with a question he apparently wants this Court to answer. [Docket No. 458.] In response, the Court held a telephonic status conference to address, to the extent possible, Shere's obvious confusion.

The Court expected that such a conference would be the most efficient way to fully address Shere's concerns. However, it quickly became apparent that Shere simply wanted to press his argument that the Court should not allow Employers to file a motion for summary judgment while his motion to dismiss is pending. The Court asked Shere what rule would require such a prohibition. He cited none, since no such rule exists. The Court gave Shere several opportunities to request an enlargement and show good cause (or excusable neglect, since the deadline has run) to file a belated response to Employer's pending motion for summary judgment. Instead, Shere persisted in arguing that the summary judgment motion should not have been allowed. But that horse is out of the barn.

Shere also suggested that his deadline to respond to the summary judgment motion was somehow stayed by the fact that he had filed his motion to strike and for extension, and that any response to Employer's summary judgment motion would have been due on August 15—30 days after the Court's July 15 denial of Shere's motion to strike and motion for extension. [Docket No. 458 at 2.] Again, Shere cited no rule supporting this decision as there is none.

On the other hand, Employers correctly noted that on June 10, 2011, the Court also denied its request for an enlargement of time to file its summary judgment motion. [Docket No.

447.] Employers characterized this order as a "shot" the Court fired that should have put the parties on notice that it intended to proceed with summary judgment briefing despite the pending motion to dismiss. Employers certainly heard the shot, scrambling to file its summary judgment motion by the June 16 deadline. [Docket No. 450.] Employers objected to any belated attempt by Shere to file a summary judgment response or otherwise seek an enlargement of time.

The Court finds that Shere has shown neither good cause nor excusable neglect to further enlarge the deadline for his summary judgment response. Shere is not some hapless *pro se* party trying to navigate his way through what understandably can, at times, be a morass of federal procedural rules. Instead, he is a licensed attorney who should know the rules and know what a deadline means. But as set forth at the outset of this entry, this litigation has been inordinately protracted and convoluted. And while Shere is certainly not to blame for the entire state of these affairs, he has a well-established preference for over-litigating the smallest of issues. In the motion before the Court, he has chosen to argue that Employer's motion for summary judgment should be stricken (which request was denied), and has also chosen not to respond to that motion. It seems as though Shere has chosen instead to rest his fate on his motion to dismiss, rather than spend the effort responding to Employers' motion for summary judgment. That is a decision that Shere—a licensed attorney—is free to make, recognizing that such a decision could have adverse consequences. Shere's decision to file a motion for clarification, and a motion appealing certain rulings to the District Judge also are decisions he is free to make. But they do not absolve him of the need to timely respond to Employer's motion for summary judgment, nor do these acts provide excusable neglect or good cause for further enlarging the deadline to respond to a summary judgment motion filed on June 16, 2011.

For these reasons, Shere's motion to clarify and reconsider [Docket No. 458] is denied.

In light of the foregoing, the Court sees no need to further address issues raised in that motion.

Dated: 09/09/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Harry Nicholas Arger
DYKEMA GOSSETT ROOKS PITTS PLLC
harger@dykema.com

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Mark Eliot Shere
ms@sherelaw.com

William G. Stone
STONE & JOHNSON, CHTD.
wstone@stonejohnsonlaw.com

Rosa Maria Tumialan
DYKEMA GOSSETT ROOKS PITTS PLLC
rtumialan@dykema.com

Jeffery Alan Whitney
GONZALEZ SAGGIO & HARLAN LLP
jessica_davis@gshllp.com

Daniel J. Wickens
910 Isabelle Drive
Anderson, IN 46013

Pamela Wickens
910 Isabelle Drive
Anderson, IN 46013

For these reasons, Shere's motion to clarify and reconsider [Docket No. 458] is denied.

In light of the foregoing, the Court sees no need to further address issues raised in that motion.

Dated: 09/09/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Harry Nicholas Arger
DYKEMA GOSSETT ROOKS PITTS PLLC
harger@dykema.com

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Mark Eliot Shere
ms@sherelaw.com

William G. Stone
STONE & JOHNSON, CHTD.
wstone@stonejohnsonlaw.com

Rosa Maria Tumialan
DYKEMA GOSSETT ROOKS PITTS PLLC
rtumialan@dykema.com

Jeffery Alan Whitney
GONZALEZ SAGGIO & HARLAN LLP
jessica_davis@gshllp.com

Daniel J. Wickens
910 Isabelle Drive
Anderson, IN 46013

Pamela Wickens
910 Isabelle Drive
Anderson, IN 46013