**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DANIEL J. WICKENS, PAMELA M. WICKENS, MARK E. SHERE and EMPLOYERS FIRE INSURANCE COMPANY** | ) | |
| **Plaintiffs,** | ) | **1:05-CV-645-SEB-TAB** |
| **vs.** | ) | |
| **SHELL OIL COMPANY and SHELL OIL PRODUCTS COMPANY, LLC.,** | ) | |
| **Defendants.** | | |

**ORDER ON MOTION TO DISMISS, CROSS MOTIONS FOR SUMMARY JUDGMENT AND DISBURSEMENT OF FUNDS HELD BY COURT**

Like a bad penny, this case turns up again on our docket requiring further judicial attention. This time the dispute relates to the distribution of funds which the Shell Defendants deposited into the registry of the court in satisfaction of the judgment against them. Crossclaim Plaintiff, Employers Fire Insurance Company ("Employers"), and Crossclaim Defendant, Mark Shere, were previously allied with one another in defending complaints against them lodged by Employers' insureds, Daniel and Pamela Wickens, relating to the handling of a pollution remediation administrative action that had been initiated against the Wickenses by the Indiana Department of Environmental

Management. That agency required the Wickenses to investigate the extent of the pollution on their property, prompting the Wickenses' decision to file this action. Shere was their attorney, and Shell was a Defendant, whom the Wickenses blamed for causing the petroleum pollution affecting their property. The suit was brought by the Wickenses on their own behalf and, as we eventually learned but not until we were several years into this litigation, to protect the subrogation interests of Employers. After years of contentious, expensive, protracted and at times misguided litigation, the case was finally resolved and judgment was entered in an amount reflecting the corrective action costs as well as attorneys fees. Shell has now paid that judgment amount into the Court. No longer friends, however, Employers and Shere disagree over how those funds should be disbursed.

***Relevant Factual and Procedural Background***

We will not attempt to recount the myriad details comprising this litigation, except to the extent that we must reference relevant events and documents in light of the decision now before us regarding distribution of the judgment funds; to that extent; we summarize the relevant facts below.

Within a month following this Court's August 1, 2008, entry of judgment for the corrective action costs and attorneys fees, OneBeacon Insurance, the holding company which owns Employers, and Mark Shere entered into an "Agreement Governing

Distribution of Awarded Attorneys Fees and Corrective Action Costs" ("Distribution Agreement"). The Distribution Agreement recites much of the history of this case and summarizes the costs associated with the clean-up investigation and the attorneys fees generated in pursuing Shell. Apparently, One Beacon and another insurer had fronted most of the costs incurred in waging this litigation. The Distribution Agreement *inter alia* specifies the split of monies between OneBeacon and Shere. The relevant portions of their agreement are set forth below:

> **I. FORM OF PAYMENT OF CORRECTIVE ACTION COSTS AND FEES**
>
> **A.** The Parties expressly agree that they will seek to have the Shell Entities issue payment for all amounts to be paid under the Order, or any Modified Order or Appellate Order, to Mark Shere, Esquire ... as required by any lien or amended lien filed or to be filed by Shere.
>
> **B.** The Parties expressly agree that they will cooperate with each other and execute all documents reasonably required, consistent with this Agreement, to secure any payments that may be made by the Shell Entities in a form other than as specified in paragraph I.A. Such other form of payment may include, without limitation, payment made by Shell to the clerk of the district court or payments made by Shell in the joint name of Shere and others.
>
> **II. DISTRIBUTION OF DISTRICT COURT JUDGMENT, WITHOUT APPEAL**
>
> If no appeal is taken from the District Court's judgment, payments received from the Shell Entities pursuant to the Order or any Modified Order shall be distributed by Shere pursuant to paragraph II.A, II.B., and II.C. within 15 days of receipt (for payments in the form identified in paragraph I.A.) or as soon as reasonably practical (for payments in some other form as provided in paragraph 1.B):
>
> **A.** Shere shall issue to the Wickens (sic) reimbursement for such

        amounts designated by the District Court ....

**B.** Shere shall issue to the Wickenses reimbursement for $1,000 in fees paid ....

**C.** Shere shall issue reimbursement to OneBeacon for 100% of such amounts designated by the District Court in the Order or any Modified Order as being based upon post-tender awarded Corrective Action Costs and disbursements, as well as any interest awarded with respect to such costs and disbursements. OneBeacon shall be responsible for any allocation of this amount between itself and State Auto.

**D.** Shere shall issue to OneBeacon 61% of such amounts designated by the District Court in the Order or any Modified Order as being based upon any awarded Attorney Fees after June 30, 2005, as well as any interest awarded with respect to such fees. OneBeacon shall be responsible for any allocation of this amount between itself and State Auto.

**E.** Any remaining awarded Attorney Fees and Costs and related interest shall be retained by Shere.

**F.** Payments to OneBeacon pursuant to paragraphs II.A and II.C shall be made via check or wire transfer to OneBeacon ....

**III. DISTRIBUTION OF PAYMENT OF CORRECTIVE ACTION COSTS AND FEES, WITH APPEAL**

**A.** If an appeal is taken of the Order or any Modified Order, then all payments received pursuant to the Appellate Order and any subsequent proceedings on remand (the "Appellate Award") shall be distributed as set forth in paragraph II above, except as set forth in paragraph III.B.

**B.** Shere may appeal the District Court's Order or Modified Order at his own expense, without contribution from OneBeacon to his standard fees and costs (provided, however, that OneBeacon has the right and option to continue to contribute to legal costs on appeal consistent with the Parties' practice with respect to legal fees in the Litigation in the District Court). If Shere conducts the appeal at his own expense, Shere may retain the amount of the Appellate Award to the extent it exceeds the award by the District Court that was the subject of the appeal.

**IV. PAYMENT OF LEGAL FEES AND COSTS THROUGH FINAL JUDGMENT**

OneBeacon will review and pay to Shere, consistent with the Parties' practice in the Litigation to date, certain legal fees incurred by Shere, including fees of co-counsel, from June 1, 2008 through the date of the District Court's decision on the Motion to Alter the District Court's award filed by the Shell Entities. Provided, however, that nothing in this Agreement shall alter the obligations of State Auto to contribute to such invoices, consistent with their policies and with the Parties' practice in the Litigation to date.

After Shere and OneBeacon entered into the above-referenced Distribution Agreement, the Wickenses and Shere terminated their relationship, and Shere and Employers were both made the real parties in interest. In a prior ruling, we reduced the amount of the judgment by a little more than $9,000 in response to a defense motion which we regarded as well taken in part, but refused to order a more substantial reduction. In June 2009, we denied Shere's petition for an award of additional attorneys fees. During that same month, Mr. Shere filed his Notice of Appeal, seeking an increased award of attorney fees and additional corrective action costs. In July 2009, the Shell Defendants filed their cross appeal to the Seventh Circuit where the two appeals were consolidated.

True to form, a disagreement has now arisen between Employers and Shere regarding whether Employers has an obligation to fund the defense of Shell's cross appeal. Employers claims that post-judgment Shell had indicated to Employers, that it had no intention of appealing the award and that, in fact, it would not have done so had

Shere not first filed his appeal. Employers claims that it informed Shere of Shell's intent not to appeal in advance of Shere's decision to take an appeal. Because Shell's cross appeal focused only on issues germaine to a defense of Shere's appeal, Employers believes it had no obligation to finance any part of the appeal. Employers thus paid the Wickenses all amounts they were due and closed its file, despite objections by Shere, which included his assertion that Employers was waiving its rights to claim any portion of the award by not funding the defense of Shell's cross appeal. On October 14, 2010, the Seventh Circuit remanded the case, directing this Court to correct a small mathematical error made in calculating the attorney fees award, but otherwise affirming all other aspects of our award and judgment.

Apparently not wishing to get in the middle of the squabble between Shere and Employers, Shell moved the Court for permission to pay the amended judgment amount into the Court awaiting the final distribution to the parties. Shere again objected and moved to have the otherwise deposited funds distributed directly to him. Employers joined in Shell's motion on the assumption that if the judgment were paid directly to Shere, Shere would not disburse the amounts Employers believed were due it under the Distribution Agreement.[1] Indeed, Employers' concerns were sufficient to cause it to

[1]Letters exchanged between Employers' in-house legal counsel and Mr. Shere shed light on Employers' concerns with regard to Shere's pay-out of less than the amounts agreed upon in the Distribution Agreement, including references by Shere to amounts he believed to be due him from Employers or OneBeacon for his appellate work and for past invoices which had been only partially paid due to a dispute regarding billing rates.

request leave to file a crossclaim, which is the subject of the current motion to dismiss and the cross motions for summary judgment.

Employers' crossclaim asserts its entitlement to receive $390,192.87 of the judgment amount deposited by Shell into the registry of the Court. In apparent disregard of the Distribution Agreement's terms requiring that the funds be dispersed directly to Shere, who in turn is obligated to pay Employers, the insurer's crossclaim seeks to have the Court declare Employers' rights to the funds and direct the Clerk to issue a check directly to it. The crossclaim consists of three counts, each of which Employers asserts advances alternative legal theories justifying declaratory and equitable relief: (1) quantum meruit/ unjust enrichment, (2) subrogation rights possessed by Employers under the Wickenses' insurance policy, and (3) Shere's anticipatory breach or repudiation of the Distribution Agreement. Shere, naturally, opposes Employers' entitlement to relief under all of these theories.

***Discussion***

Shere maintains that the Distribution Agreement trumps Employer's first two arguments. He also asserts that he has not repudiated the Distribution Agreement, and, in any event, because Employers is not a party to that agreement, it is not entitled to assert any rights under it. According to Shere, Employers, as an intervening party, also waited too long to file its crossclaim, in derogation of the Federal Rules of Civil Procedure.

Shere maintains that Employers is not entitled to a "free appellate defense" of its insureds and is obligated to pay its fair share of the appellate attorney fees. Shere therefore seeks dismissal of Employers' crossclaim, or, in the alternative, summary judgment in his favor, and an order requiring the money deposited in the Court's registry be distributed to him.

Employers characterizes Shere's argument that only OneBeacon, not Employers, is entitled to enforce the rights arising under the Distribution Agreement as specious. Employers and its holding company, OneBeacon, are interchangeable with respect to their roles in this litigation, and, in addition, the Distribution Agreement explicitly applies to affiliated entities. Employers argues that it would be patently inequitable if it were not permitted to receive reimbursement of the costs and fees it advanced in this litigation, or if it were required to prolong the dispute with Shere based on witholdings Shere has threatened to take from Employer's portion of the judgment based on his unapproved higher billing rates and his unilateral decision to appeal. In short, Employers has invested all it chooses to invest in these disagreements and wants out and accordingly moves for summary judgment in its favor.[2]

---

[2]Employers has also filed what it captions a Motion For Finding of Admissibility (Dkt. #449), which is an effort to have the Court determine the admissibility of certain correspondence form Mr. Shere to persons within or representing Employers. Such a motion is not preferred under the Court's Local Rules, *see* Rule 56-1(I) of the *Local Rules Of The United States District Court For The Southern District of Indiana*. Admissibility issues are to be handled within the context of the summary judgment motion and not through collateral motions. Therefore, Employers' Motion For Finding of Admissibility is DENIED; in any event, our substantive ruling is not dependent on a resolution of the admissibility issue.

We begin by noting our agreement with Employers that, as a wholly owned affiliate of OneBeacon, it is entitled to assert their shared and co-extensive interests under the Distribution Agreement. This can come as no surprise to Mr. Shere who has long regarded OneBeacon and Employers as one, in particular with regard to the Distribution Agreement. His arguments to the contrary at best elevate form over substance. We also agree with Employers that its Crossclaim survives Shere's motion to dismiss. While existing law allows the Distribution Agreement to trump a *quantum meruit* claim, *see Town of New Ross v. Ferretti*, 815 N.E.2d 162, 168 (Ind.App. 2004)(valid express contract precludes recovery on *quantum meruit* theory) and supercede prior understandings between the parties regarding the matters covered by the agreement, Employers has adequately pled its repudiation and breach of contract theories of relief and has more than satisfied the "plausibility standard" applicable to Rule 12(b)(6) motions to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, (2009). Dismissal of Employer's crossclaim must therefore be denied.

Remaining for decision are the pending cross motions for summary judgment. The parties' arguments over who commenced the appellate process, whether deductions were properly taken from Shere's past invoices and whether Employers' procedural strategies were unfairly prejudicial have unduly complicated and confused the issue of whether the Court must release the Shell-deposited funds and, if so, to whom and how. This much is clear: the contract between OneBeacon and Shere was entered into in an effort to manage

the manner in which the money is to be disbursed, and the Court therefore will attempt to comply with those terms in releasing the funds and in requiring the parties to adhere to their agreement as well.

Shell's payment of the judgment amount entered against it covers both attorneys fees and the corrective action costs. The Distribution Agreement lays out the formula for that distribution: OneBeacon is to receive reimbursement equal to 100% of the corrective action costs awarded by the court, 61% of the attorney fees awarded and none of the recovery resulting from a successful appeal by Shere. The Distribution Agreement contains no provision for set-offs for unpaid attorney fees nor does it provide any alternative formula based on some unspecified contingency. Shell's judgment amount is to be released to Shere, who in turn is obligated to allocate the amounts due to OneBeacon in accordance with the simple formula laid out in their agreement.[3] Any other claim Shere may seek to assert for alleged past unpaid fees, appellate or otherwise, is unrelated to the judgment amount currently retained by the Court.

Employers' fears based on Mr. Shere's possible claim for additional fees and a decision by him to renege on the Distribution Agreement thereby causing Employers to receive less than the amount it is due under the agreement are unfounded, at least for the present, because we do not read Mr. Shere's correspondence to constitute a clear repudiation of the contract and controlling legal principles require that for repudiation to

[3]It is undisputed that the Wickenses have already received all that is due them.

be actionable it must be unconditional and absolute. *See Hawa v. Moore*, 947 N.E.2d 421, 426 (Ind.App. 2011)(quoting *Jay County Rural Electric Membership Corp. v. Wabash Valley Power Ass'n.*, 692 N.E.2d 905, 911 (Ind.Ct.App.1998 ). But more significant in allaying Employers' fears is this: should Mr. Shere fail to act in accordance with the formula set forth in the Distribution Agreement in disbursing the funds, he risks both a determination of liability for breach of that agreement and sanctions for contempt of Court. We think Mr. Shere will acknowledge these risks and try to avoid them by making good on his own promises and complying with the Court's orders.

***Conclusion***

For the reasons explicated in this entry, Shere's Motion to Dismiss for Failure to State a Claim (Dkt. #414) is DENIED, Employer's Motion for Finding of Admissibility (Dkt. #449) and Motion for Summary Judgment (Dkt. #450) are DENIED, and Shere's Cross Motion for Summary Judgment (Dkt. #467) is DENIED. In addition, the Court hereby authorizes the immediate RELEASE OF FUNDS currently held in the registry of the Court to Mark Shere, Esq., Attorney at Law, following his receipt of which he shall make prompt disbursal of the monies in accordance with the formula set forth in the Distribution Agreement entered into between himself and OneBeacon Insurance in September 2008, as interpreted in and required by this ruling.

Within ten days of the Clerk's disbursement of funds to Mr. Shere, payment shall

be made to OneBeacon, and Employers' crossclaim shall be dismissed.

***Directions to the Clerk:***

Pursuant to this Court's November 5, 2010 order, Shell Oil Company deposited on November 8, 2010, the sum of $536,758.89 into the registry of the Court in satisfaction of the judgment entered against it and a related company, which the Court directed to be deposited in an interest bearing account. The Clerk is hereby authorized and directed to withdraw the $536,758.89 principal amount plus all interest accrued and to deduct and withold from that combined amount a registry fee determined as a percentage of the income earned on the investment, not to exceed ten percent (10%). Disbursement of the remaining funds shall be made to:

Mr. Mark Shere, Esquire[4]
6831 Mohawk Lane
Indianapolis, Indiana 46260

IT IS SO ORDERED.

Date: 02/10/2012

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

[4]Before a check shall issue to Mr. Shere, he must complete IRS form W-9 certifying his tax payer identification number and submit the same to the Clerk.

Copies to:

Harry Nicholas Arger
DYKEMA GOSSETT ROOKS PITTS PLLC
harger@dykema.com

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Mark Shere
ms@sherelaw.com

William G. Stone
STONE & JOHNSON, CHTD.
wstone@stonejohnsonlaw.com

Rosa Maria Tumialan
DYKEMA GOSSETT ROOKS PITTS PLLC
rtumialan@dykema.com

Jeffery Alan Whitney
GONZALEZ SAGGIO & HARLAN LLP
jessica_davis@gshllp.com

DANIEL J. WICKENS
910 Isabelle Drive
Anderson, IN 46013

PAMELA WICKENS
910 Isabelle Drive
Anderson, IN 46013

Richard Krall,
INSD Financial Deputy